UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON BRAXTON III, )<br> )<br>　　　Plaintiff, )<br> )<br>v. )<br> )<br>INDIANAPOLIS PUBLIC SCHOOLS, )<br> )<br>　　　Defendant. ) | CASE NO.: 1:23-cv-1052-JMS-MJD |

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I.　　INTRODUCTION

Plaintiff's Response in Opposition to Summary Judgment ("Opposition") [Filing No. 42] relies in equal measure on ignoring evidence and mind reading. It repeats the same narrative set forth in his complaint: that he was a high performing teacher until "displaying" his disability following a personal dispute with a colleague and being discharged shortly thereafter. Critically though, he does not attempt to rebut the voluminous evidence IPS has designated demonstrating that: (1) he had numerous job-related shortcomings long before (and after) he "displayed" his alleged disability; and (2) his tensions with his coworker culminated in an inappropriate confrontation in front of students. Similarly, he maintains IPS knew he had a disability and was hostile towards him for it, but he relies solely and improperly on his own deposition testimony and unreasonable inferences as to what others knew and thought. He has neither identified nor created any genuine issue of material fact, and IPS is entitled to summary judgment as a matter of law.

## II.     ARGUMENT

A.     **Plaintiff's Response Fails to Comply with Applicable Rules**

As an initial matter, Plaintiff's Response fails to conform with the Local Rules and this Court's instructions. Under Local Rule 56-1(e) a plaintiff responding to a summary judgment motion must support "each fact" asserted in his brief with a citation to admissible evidence and must "refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence." The Court's Practices and Procedures reiterate that the non-movant must "specifically cite to evidence for each fact set forth in the fact **and** argument sections." [Filing No. 6 at 3 (emphasis original).] Further, it is "critically important that exhibits be filed before supporting briefs so that citations in supporting briefs are to the docket numbers of the previously-filed exhibits" and parties must "cite to the docket number, the attachment number (if any), and the applicable .pdf page as it appears on the docket information located at the top of the filed document." [Filing No. 6 at 3-4.] Strict compliance with local rules governing summary judgment procedure is expected and required, and failure to comply is not a "harmless technicality" but rather has been "deemed fatal." *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994).

Plaintiff's response includes a section titled "Facts/Evidence" containing an itemized list of over 40 pages of attachments (filed with, not before, his Response). [Filing No. 42, pp. 1-2.] Those attachments are: out-of-order deposition excerpts [*id.*, pp. 41-49, 51-61]; an unauthenticated email [*id.*, p. 50]; and a batch of

2

unauthenticated hearsay medical records. [*Id.*, pp. 17-40.]  Nowhere does Plaintiff identify facts from IPS's Memorandum in Support of Motion for Summary Judgment ("Opening Memorandum") [Filing No. 41] that he purports to dispute. Accordingly, he has conceded IPS' version of events.  *Smith v. Lanz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Butler v. Southwest Airlines Co.*, No. 1:12–cv–1506–JMS–TAB, 2014 WL 199257, at **3-4 (S.D. Ind. Jan. 16, 2014); *Bell v. Par Pharm. Cos., Inc.*, No. 1:11–cv–01454–TWP–MJD, 2013 WL 2244345, at *6 (S.D. Ind. 2013).[1]

### B. Plaintiff's Response Improperly Attempts to Inject New and Unpreserved (and Unavailing) Claims

Throughout this litigation, Plaintiff has contended that: he has a disability, IPS knew he had a disability, and IPS terminated his employment "due to" complaints of "staff harassment" he made that "triggered his mental health disability."  [Filing No. 1-2, pp. 6 (¶¶ 35, 36, 39); *see also* Case Management Plan, Filing No. 14, p. 1 (§ II(B)) (alleging Plaintiff "was wrongfully terminated by Defendant in retaliation of reporting workplace harassment and because of his disabilities."); Burden of Proof Statement, Filing No. 36, p. 3 ("Plaintiff "suffers from anxiety and . . . cried at the school because of the situation as a result of his mental

---

[1] Acknowledging the Court's discretion to excuse non-compliance with Local Rule 56-1 and instead taking the time needed to attempt to distill disputed facts and supporting evidence from a non-movant's brief, IPS submits that it need not do so here.  The Court shared its Practices and Procedures early on [Filing No. 6] and reminded the parties to review them several months later. [Filing No. 21.]  Plaintiff is represented by counsel, and counsel are expected to know and follow both the Local Rules and the Court's Practices and Procedures.  *See Rap Indy, LLC v. Zurich Am. Ins. Co.*, 2021 WL 2416740, at *10 (Jun. 14, 2021) ("Any of these mistakes would be understandable coming from a pro se litigant, but not from a law firm.").

distress.").]  At most, he has articulated a claim of disparate treatment under the ADA premised on having an actual disability; he has *not* pled or preserved any failure-to-accommodate claim nor any theory of recovery based on being "regarded as" disabled or having a "record of" a disability.[2]  His attempt to present and argue such new theories for the first time in his Response comes far too late.  "[A] party may neither amend its pleadings by argument in opposition to summary judgment nor introduce new theories of liability in opposition to summary judgment." *Golden v. Myers*, No. 1:18-cv-03496-JMS-MJD, 2021 WL 981321, at *3 (S.D. Ind. Mar. 16, 2021) (internal citation omitted); *accord Pollard v. Ind. Dep't of Child Servs.*, No. 23-1513, 2024 WL 277456, at *3 (7th Cir. Jan. 25, 2024).  Even when pled initially, failure to clearly assert a claim in a Statement of Claims results in abandonment of that claim.  *Jackson v. Regions Bank*, 1:19-cv-01019-JMS-MPB, 2020 WL 4430588, at *4 (S.D. Ind. July 31, 2020) (collecting cases).  In addition to waiving his belated theories, Plaintiff cannot show a genuine issue of material fact for any of them.

### 1. Plaintiff's Belated Failure-to-Accommodate Claim Fails

A failure-to-accommodate claimant must prove that: (1) he had a disability, (2) his employer was aware of it, and (3) the employer failed to reasonably accommodate it.  *Williams v. Bd. of Educ. of City of Chicago*, 982 F.3d 495, 503 (7th Cir. 2020).  Plaintiff cannot establish that he was a qualified individual with a disability, nor that IPS was aware of his disability, as set forth below in Sections II(B)(2)-(3), p. 6 and II(C)(2) pp. 8-10, and in IPS' opening brief at Sections IV(A)(1)-

---

2  A failure to accommodate claim is separate and distinct from a discriminatory treatment claim under the ADA.  *Green v. Nat'l Steel Corp., Midwest Div.*,197 F.3d at 897, 898 (7th Cir. 1999).

4

(2). [Filing No. 41, pp. 23-28].³ Even if he could, he cannot show IPS failed to reasonably accommodate him.

Plaintiff argues that he "communicated *his medical condition* to his supervisors . . . at various points," [*e.g.*, Record No. 42, p. 8 (emphasis added),] but – even if true – that would not trigger any ADA obligation. Employees "must make their employers aware of any nonobvious, medically necessary accommodations with corroborating evidence such as a doctor's note or at least orally relaying a statement from a doctor, before an employer may be required under the ADA's reasonableness standard to provide a specific modest accommodation." *Ekstrand v. Sch. Dist. of Somerset*, 583 F.3d 972, 976 (7th Cir. 2009). In *Wells v. Winnebago Cnty., Ill.*, 820 F.3d 864, 867 (7th Cir. 2016), a former county employee claimed her employer failed to accommodate her with a counter or partition at her workstation needed due to chronic fatigue syndrome and aggravated anxiety. *Id.* at 866-67. The district court granted summary judgment to the defendant, and the Seventh Circuit affirmed. *Id.* The Court of Appeals acknowledged record evidence that the plaintiff had "mentioned" anxiety, repeatedly asked for a counter or partition, and been granted time off on multiple occasions for her reported medical condition. *Id.* at 867. Still, the employer was not liable for failing to accommodate her counter/partition request because she never linked that request to a qualifying disability. *Id.* The Seventh Circuit explained that "[m]any people suffer anxiety without being disabled by it," so the plaintiff:

---

3  Employers need not accommodate those only regarded as disabled. 42 U.S.C. § 12201(h).

5

> [N]eeded to establish that the County was required to treat her references to anxiety as notices of a link between her disability and her working conditions that would set off the process of considering possible accommodations. Even in this litigation she has not offered medical evidence demonstrating that a reasonable employer would understand every mention of an employee's anxiety as a disability or understand, without medical knowledge, how anxiety and chronic fatigue syndrome are related. Certainly Wells did not provide such evidence to her employer.

*Id.*

Plaintiff's case suffers from the same omission. While he may have made various references to stress and anxiety in communications with his supervisors, he never presented substantiating documentation, and he never linked those references to work in a way that reasonably suggested he was seeking "accommodation" for any substantial impairment. [*See* Record No. 41, §§ IV(A)(2), pp. 26-28.] That failure dooms his belated accommodation claim. S*ee Oliver v. Amazon.com Services LLC*, No. 23-2818, 2024 WL 1758287, at *3 (7th Cir. Apr. 24, 2024) ("Although [plaintiff] reported her symptoms to Amazon, she did not say anything to suggest a substantial effect on her ability to work."); *Forman v. City of Middleton*, 20-cv-516-jdp, 2022 WL 3655264, at *2 (W.D. Wisc. Aug. 25, 2022) (there is no "blanket requirement on an employer to initiate reasonable accommodations discussions any time it learns that an employee has a mental health diagnosis.").

Moreover, Plaintiff has yet to articulate what accommodation he believes was both reasonable and required, *other than* "managing" his relationship with a non-supervisory peer and "addressing his need for mental health support." [Record No. 42, p. 9]. In fact, IPS *did* manage the situation decisively as soon as it learned that

Plaintiff and his colleague were incapable of keeping their personal dispute from disrupting their work: both were disciplined and told unequivocally to "let it go"; Plaintiff reported no further problems with Mitchell thereafter; and Plaintiff *thanked* his supervisors for addressing the situation. [Record No. 41, pp. 14-18; Filing No. 40-2 at 99-100 (Plaintiff Dep., 182:14-183:5), and 114-115 (Plaintiff Dep., 197:1-198:8); Filing No. 40-3 at 68 (Plaintiff Dep., Ex. 5), and 86 (Plaintiff Dep., Ex. 10).] Plaintiff's continued argument that IPS should have intervened sooner or differently is an attempt to dictate who interacts with him at work (and how), which is not a reasonable accommodation. *See Weiler v. Household Finance Corp.*, 101 F.3d 519, 526 (7th Cir. 1996) (ADA did not require employer to transfer plaintiff or the supervisor with whom she contended she could not work); *Pack v. Ill. Dep't of Healthcare & Family Servs.*, No.: 13-cv-8930, 2014 WL 3704917, at *3 (N.D. Ill. July 25, 2014) (collecting cases).

### 2. **Plaintiff's Belated "Record of a Disability" Theory Fails**

Plaintiff cites a 20+ page printout of what appears to be records from telehealth services received *after* his separation from IPS to support his contention that Generalized Anxiety Disorder "ratings" are "a part of his medical records." [Filing No. 42-1, p. 4.] Those records are unauthenticated and rife with inadmissible hearsay. Independently, IPS cannot locate a single instance anywhere in those records where any third party purports to "rate" or otherwise convey any belief that Plaintiff has any cognizable medical condition. While the printout contains roughly two dozen instances of the word "anxiety" or "stress," every one of them is preceded by the phrase "Client reported…" or "Client reports…" [*Id.* pp. 18,

7

20-21, 23-24, 26-27, 29.]. To have a record of disability, a plaintiff must show he "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." *Atwell v. Indianapolis-Marion Cnty. Forensic Servs. Agency*, 168 F.Supp.3d 1125, 1137 (S.D. Ind. 2016) (citing 29 C.F.R. § 1630.2(k)(1)). Plaintiff offers no such historical evidence; he has shown only that he has a history *of telling people* he has a history of anxiety and depression. He also argues he has a "record of" being disabled due to the "context" of "discussions" with his supervisor. [Filing No. 42, pp. 5, 6.] However, he neither offers evidence of the referenced context nor cites any authority for – and thus forfeits – the illogical proposition that conversations with a supervisor can constitute historical evidence of a substantial limitation. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments ... are waived."); *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 407–08 (7th Cir. 2007) (plaintiff waived discrimination claim by devoting only a "skeletal argument" to it on summary judgment, though "forfeit" may be a better term than "waived"). Plaintiff's belated "record of" disability theory is unsupported by law and evidence and cannot survive summary judgment.

    **3.**    **Plaintiff's Belated "Regarded As Disabled" Theory Fails**

Plaintiff's "regarded as" argument is based solely on his own testimony that his supervisors "knew of his anxiety and depression due to their close professional relationship and discussions about personal issues." [Filing 42, p. 6.] His testimony is not – as he terms it – an "acknowledgment" by IPS; it is an inadmissible attempt at telepathy. Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or

8

oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence."); Fed. R. Evid. 701(a) (non-expert witness testimony must be rationally based on the witness's perception). Plaintiff is not competent to testify as to what others knew or believed. *E.g.*, *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 460 (7th Cir. 2014) (personal knowledge offered on summary judgment can include reasonable inferences but not speculation as to an employer's state of mind); *O'Flaherty v. Ascension Health IS, Inc.*, No. 1:20-cv-02400-TWP-MG, 2022 WL 1566810, at *8 (S.D. Ind. May 18, 2022) (collecting cases and holding that affidavit testimony about what others knew was inadmissible). Amazingly, the very testimony Plaintiff cites on this point confirms that he is speculating as to what his employer may have speculated about: "I mean, I don't' know if I ever came out and said, you know, I have anxiety, I have depression. I don't know if I've ever said that. I'm a man, so I probably didn't. I tried to keep my business to myself as much as possible, if that makes sense." [Filing No. 42, p. 6; Filing No. 42-2, p 7 (P's Dep., 240: 12-17).] As noted above, reporting stressful circumstances does not – logically or legally – mean an employer must have thereafter considered the employee to be "impaired." *Wells*, 820 F.3d at 867; *Foos v. Taghleef Indus., Inc.*, 132 F.Supp.3d 1034, 1053-54 (S.D. Ind. 2015) (collecting cases for the propositions that neither leave for medical reasons nor awareness of a medical diagnosis is sufficient to show the employer perceived an employee as disabled). Plaintiff has failed to demonstrate he was "regarded as" disabled, so that belated claim fails too.

9

### C.     <u>Plaintiff's Response Fails to Support any ADA Claim</u>

In addition to his improper and unavailing attempt to inject new claims and theories into summary judgment briefing, Plaintiff also fails to establish any genuine issue of material fact as to any alleged ADA discrimination or retaliation.

#### 1.     <u>Plaintiff Has Not Established That He Was Disabled</u>

Plaintiff continues to base his purported disability on alleged limitations in being able to "let go of situations that had been mishandled or where he had been wronged." [Filing 42, p. 4; *see also id.*, p. 5 (alleging limitations in "handling work-related conflicts and dealing with personal hardships.").][4] However, he makes no argument and points to no evidence that those limits are substantial in comparison to any relevant population. [*See* Filing No. 41, pp. 24-25 (collecting authority confirming obligation to show substantial impairment in working compared to others of similar training, skills and abilities).] He stands in the same shoes as the plaintiff in *Oliver*, 2024 WL 1758287, who argued that her employer violated the ADA by failing to accommodate her anxiety and PTSD through, *inter alia*, placing her away from particular coworkers she described as "rumormongers" and "antagonists." *Id*. at *2. When near those coworkers, that plaintiff's anxiety "caused her to feel 'aggressive,' 'hypervigilant,' her heart rate increased, and she lost some concentration," and the evidence reflected that she reported those symptoms to her employer *Id*. at *3. Nonetheless, the district court held that she failed to establish an ADA-qualifying disability. *Id*. at *3. The Seventh Circuit affirmed, even though

---

4   Plaintiff further declares that he has "described how these conditions have persisted and affected his professional performance . . ." [Filing No. 42, p. 8], but the cited deposition testimony does no such thing. [Filing No. 42-2, p. 15.]

10

the ADA is to be broadly construed in favor of coverage, because "not every impairment will constitute a disability[,]" and the plaintiff failed to show a substantial effect on her ability to work. *Id.* (citing 29 C.F.R. § 1630.2(j)(1)(i)).

So too here, Plaintiff fails to identify any evidence that the feelings he felt as a result of anything having to do with his tensions with Mitchell were "substantially" limiting, let alone in comparison to any relevant employee population. At most, he has proven that his limitations were specific to a certain individual with whom he had a specific source of conflict, which does not qualify as a disability under the ADA. *Oliver*, 2024 WL 1758287, at *3; *Carothers v. Cnty. of Cook*, 808 F.3d 1140, 1147-48 (7th Cir. 2015); *Fuller v. McDonough*, No. 19 CV 1325, 2022 WL 2291224, at **9-10 (N.D. Ill. Jun. 24, 2022) (no qualifying disability where plaintiff established only that her limitations in working were specific to a particular environment and particular individuals). Plaintiff cannot prove he was disabled, so both his original and belated ADA theories fail. *See Turner v. The Saloon, Ltd.*, 595 F3d 679, 688-89 (7th Cir. 2010) (proof of disability required for both ADA discrimination and failure-to-accommodate claims).

    **2.**    **Plaintiff cannot show that he engaged in protected activity, or that IPS was aware of any**

Plaintiff acknowledges that protected activity "must be 'more than simply a complaint about some situation at work, no matter how valid the complaint might be.' The complaint instead must indicate discrimination on the basis of membership in a protected class." [Filing No. 42, pp. 14-15 (citing *Cole v. Bd. of Trustees of N. Ill. Univ.*, 838 F.3d 888, 901 (7th Cir. 2016); *accord* Filing No. 41, p. 26.] Plaintiff

11

never told (nor even claims to have told) IPS that he believed Mitchell was mistreating him *on the basis of a disability*. To the extent he believes he can substitute complaints about "the Mitchell situation" coupled with scattered self-reports of stress and anxiety, he is wrong. *Ekstrand*, 583 F.3d at 976; *Wells*, 820 F.3d at 867; *accord Brooks v. Avancez*, 39 F.4th 424, 434-35 (7th Cir. 2022); (report that coworker exacerbated PTSD not a complaint of disability discrimination).

3. **Plaintiff Has Created No Genuine Question of Causation**

The only evidence in the record regarding the rationale of the decision-makers in this case confirms they had legitimate and lawful reasons for their dismissal decision: Plaintiff's consistent and consistently documented failings in lesson planning, classroom administration, safety practices, and other key metrics used in IPS' teacher evaluation rubrics across two academic years. *See e.g.*, [Filing No. 40-1, pp. 5-6, 16-20 (Thompson Aff., ¶¶ 17, 19, 21 19, Exs. 11-12, 16, 27); Filing No. 40-2 at 106-108 (Plaintiff Dep., 189-22-191:11); Filing No. 40-3 at 91-90 (Plaintiff Dep., Ex. 12); Filing No. 40-4 at 42, 51-54 (Thompson Dep., 35:8-36:4, 43:13-21, 52:3-55:14).] Yet, Plaintiff clings to an alternate reality in which he describes his performance evaluations as "consistently . . . positive" until he "manifested his disability and requested accommodations by requesting help for issues with Mr. Mitchell." [Filing No. 42, p. 4.] Fatally though, Plaintiff's Response does not actually dispute IPS's evaluation of his performance by citing to specific evidence contradicting it, thus forfeiting his ability to contest IPS' legitimate, non-discriminatory/non-retaliatory reasons for his dismissal. *Crespo*, 824 F.3d at 674 (undeveloped arguments are waived). Nor can Plaintiff show the requisite pretext

12

or causation by arguing that his supervision's observations or conclusions are mistaken or unwise – he must instead show that IPS itself did not honestly believe its own stated rationale. *Brooks*, 39 F4th at 435-36; *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 739-40 (7th Cir. 2006) (employees cannot avoid summary judgment by insisting on their own evaluation of their performance); *Gralia v. Edwards Rigdon Constr. Co., Inc.*, No. 1:19-cv-02079-JMS-MPB, 2020 WL 5913280, at *12 (S.D. Ind. Oct. 6, 2020) (plaintiff's own opinions about work performance does not sufficiently cast doubt on legitimacy of the employer's proffered reasons for its actions) (internal citations omitted). Plaintiff has offered nothing to undermine the honesty of IPS' belief. [*See* Filing No. 40-1, pp. 9-10, ¶¶ 29-32 (Coordinator Thompson's testimony that termination recommendation was based on Plaintiff's "lengthy history of clerical and classroom management deficiencies," inability to keep "the animosity between he and Mitchell from disrupting classroom learning[,]" and "inability to keep students safe[.]").]

      Similarly, Plaintiff cites nothing undercutting IPS' evidence that it did not understand his confrontation with Mitchell to include any sort of protected activity nor IPS' cited authority that misconduct remains unprotected even if caused by a disability. [*Id.*, pp. 8-9, ¶¶ 26-28 (Coordinator Thompson's testimony that she was upset with both Plaintiff and Mitchell for allowing their personal dispute to spill into the instructional day in front of students)]; *Guzman v. Brown Cnty.*, 884 F.3d 633, 642 (7th Cir. 2018) (rule violation no defense to adverse employment action, even if caused by a disability) (internal citations omitted). As important, Plaintiff

13

could not show causation even if his confrontation with Mitchell was somehow considered a "display" of a disability or request for accommodation: the record evidence clearly and unequivocally confirms that Plaintiff's overall record of subpar performance would have led to the same discharge recommendation independent of anything having to do with Mitchell. [Filing No. 40-1, p. 10, ¶ 32.] Plaintiff offers no evidence to undercut Coordinator Thompson's testimony on this point, nor does he even argue that her testimony is untrue. Instead, he posits simply that she had "the ability" to do other than what she says she did. [Filing No. 42, p. 13.] However, neither speculation nor generic challenges to a witness's credibility are sufficient to satisfy the non-movant's burden on summary judgment. *Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010); *see also Morgan v. SVT, LLC*, 724 F.3d 990, 999 (7th Cir.2013) ("a party cannot defeat summary judgment with resort to attacks on credibility alone."); *Lauth v. Covance*, 155 F.supp.3d 855, 875 (S.D. Ind. 2016) (collecting cases). Coordinator Thompson's testimony stands uncontroverted, both as to Plaintiff's lengthy history of performance deficiencies having nothing to do with any claimed disability and the fact that such history would have resulted in his non-renewal even absent his allegedly protected complaint.

### D.     Plaintiff Still Hasn't Identified Any Claim Outside the ADA

Plaintiff's lone discernible response to IPS' challenge to his "federal retaliatory discharge" claim is to repeat the same bald assertion that "reporting of workplace harassment and threats constituted a protected work activity under both federal and state laws." [Filing No. 42, p. 10.] Other than the ADA (under which he

14

has no claim as set forth above), he identifies no such law, so whatever non-ADA claim he thinks he has is waived. *Crespo*, 824 F.3d at 674.

### III. CONCLUSION

Plaintiff has failed to muster evidence that IPS knew or should have known he had a disability or that anyone treated him improperly because of it. IPS is entitled to summary judgment in its favor, and Plaintiff's claims should be dismissed with prejudice.

Dated: July 2, 2024

                                  KROGER, GARDIS & REGAS, LLP

                                  By: s/ Joseph C. Pettygrove
                                  Joseph C. Pettygrove
                                  Aaron J. Williamson
                                  111 Monument Circle, Suite 900
                                  Indianapolis, IN 46204-5125
                                  Telephone: 317-692-9000
                                  Facsimile: 317-264-6832
                                   jpettygrove@kgrlaw.com
                                   awilliamson@kgrlaw.com

                                  *Attorneys for Defendant Indianapolis Public Schools*

### CERTIFICATE OF SERVICE

I certify that on July 2, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system.

Hamid Saahir
HAMID SAAHIR & ASSOCIATES, PLLC
*hamid@hurt317.com*

                                  s/ Joseph C. Pettygrove
                                  Joseph C. Pettygrove